UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARACELI ARELLANO-DIAZ, | Case No. 5:26-cv-02801-SSC |
| Petitioner, | |
| v. | MEMORANDUM AND ORDER |
| WARDEN ADELANTO ICE PROCESS CTR, et al., | |
| Respondents. | |

Petitioner, a noncitizen subject to a reinstated final order of removal, brings this counseled habeas petition seeking release. The Court denies the petition without prejudice because Petitioner, who has been detained for less than six months and who Respondents intend to remove imminently, fails to show that her detention violates due process protections.

**I**

On May 23, 2026, Petitioner Araceli Arellano-Diaz filed a petition for writ of habeas corpus by person in federal custody pursuant to 28 U.S.C. § 2241. (ECF 1.) Petitioner is a noncitizen[1] in immigration

___

[1] Under the Immigration and Nationality Act (INA), the term "alien" means "any person not a citizen or national of the United States." 8 U.S.C. § 1101(a)(3). Following the lead of the U.S. Supreme Court and the Ninth Circuit, the Court uses the term "noncitizen" in

detention at the Adelanto ICE Processing Center in Adelanto, California.  (*Id.* at 2.)  Petitioner's Form I-213, attached as an exhibit by Respondents to their answer, provides that Petitioner is a citizen of Mexico.  (ECF 10-1 at 3.)

The petition alleges the following facts.  Petitioner was ordered removed in April 1999.[2]  (ECF 1 at 4.)  In 2009, she was released on an Order of Release on Recognizance (ORR).  (*Id.* at 1, 4.)  In 2013, Petitioner was released on an Order of Supervision (OSUP).  (*Id.*) Petitioner filed an application for administrative stay of her removal in 2014, which was granted. (*Id.* at 4.)  The petition alleges that such requests were granted up to April 2027, however, the attached approvals reflect stays only up to February 2022.  (ECF 1 at 4–5; ECF 1-2 at 2–3.)  Petitioner confirmed at the June 4, 2026, hearing that the stays were granted up to at least 2022.  Petitioner further explained that she reapplied in 2026 but that this request is still pending.  On April 14, 2026, Petitioner was granted employment authorization valid through April 13, 2027.  (ECF 1 at 5.)  Petitioner was detained on May 15, 2026, at an ICE check-in.  (*Id.* at 1.)

The petition brings two substantive due process claims.[3]  (*Id.* at 7.) Petitioner argues first that her detention was an arbitrary deprivation

place of "alien."  *See Patel v. Garland*, 596 U.S. 328 (2022) (Barrett, J.); *United States v. Palomar-Santiago*, 593 U.S. 321 (2021) (Sotomayor, J.); *Barton v. Barr*, 590 U.S. 222, 226 n.2 (2020) (Kavanaugh, J.) ("This opinion uses the term 'noncitizen' as equivalent to the statutory term 'alien.'" (citing 8 U.S.C. § 1101(a)(3))); *Avilez v. Garland*, 69 F.4th 525 (9th Cir. 2023); *Arce v. United States*, 899 F.3d 796 (9th Cir. 2018).

[2] As below, Petitioner's Form I-213 dated May 15, 2026, provides that Petitioner was removed from the country in April 1999 immediately following the issuance of the order of expedited removal (ECF 10-1 at 3), which Petitioner confirmed at the June 4, 2026 hearing.

[3] The Court notes that Petitioner's reply argues, for the first time, that Respondents failed to comply with the process provided in  8 C.F.R.

2

of liberty in light of her previous release and work authorizations. (*Id.*) Second, she argues that there is no significant likelihood of removal because of her history of compliance under release orders, stay approvals, and work authorization. (*Id.*) Petitioner seeks release under the conditions of her OSUP. (*Id.* at 8.)

On June 1, 2026, Respondents filed an answer to the petition arguing that the petition should be denied because Petitioner is subject to mandatory detention under 8 U.S.C. § 1231(a). (ECF 10.) Petitioner's Form I-213, attached as an exhibit by Respondents to their answer, provides that Petitioner was removed from the country in April 1999 immediately following the issuance of the order of expedited removal.[4] (ECF 10-1 at 3.) Respondents' answer explains that Petitioner's prior order of removal was recently reinstated on May 15, 2026,[5] and that she "is scheduled to be removed to" Mexico. (ECF 10 at 3; ECF 10-1.)

---

§ 241.4(l)(1) and 8 C.F.R. § 241.13(i)(3). (ECF 11 at 6.) However, elsewhere in Petitioner's reply she reiterates that her claim is "rooted in *substantive due process* under the Fifth Amendment." (*Id.* at 7 (emphasis in original).) To the extent that Petitioner is attempting to add a procedural due process claim, the Court notes that Respondents indicated at the June 4, 2026 hearing that Petitioner was provided with notice upon her re-detention on May 15, 2026 and was served with the reinstatement form indicating that Respondents were reinstating her expedited removal order.

[4] As above, Petitioner confirmed at the June 4, 2026 hearing that she was removed from the country in April 1999.

[5] The exhibits attached to Respondents' answer seem to indicate that Petitioner's removal order has been reinstated multiple times: in October 2009 (ECF 10-1 at 7–8), July 2011 (*id.* at 10), and the current reinstatement in May 2026 (*id.* at 3). Respondents indicated at the June 4, 2026 hearing that Petitioner was removed in 2011, but Petitioner's counsel could not confirm or deny this second prior removal.

Petitioner's reply takes issue with Respondents' reliance on the May 2026 reinstatement of Petitioner's removal order as duplicative of previous reinstatements. (ECF 11 at 1.) However, because Petitioner does not dispute that she is indeed subject to a valid final order that has been reinstated, the Court need not address which reinstatement(s) apply.

3

On June 2, 2026, Petitioner filed a reply.  (ECF 11.)  On June 3, 2026, Respondents filed a notice pursuant to General Order 26-05 that the intend to transfer or relocate Petitioner outside of this judicial district to effectuate her removal and that they "intend to remove Petitioner in two days, or shortly thereafter, in accordance with [her] final removal order."  (ECF 12 at 2.)  The Court held a hearing on June 4, 2026.  (ECF 14.)  At the hearing, Petitioner made an oral motion to stay her removal, which the Court orally denied.  (ECF 15; ECF 16.)

## II

Relief in the form of a writ of habeas corpus may be granted to a person in custody under the authority of the United States if the petitioner can show that he is "in custody in violation of the Constitution or laws or treaties of the United States[.]"  28 U.S.C. § 2241(c)(3).  The writ of habeas corpus is "available to every individual detained within the United States."  *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004).

The Fifth Amendment provides that "[n]o person shall . . . be deprived of . . . liberty . . . without due process of law."  U.S. Const. amend. V.  The Due Process Clause of the Fifth Amendment applies to noncitizens "whether their presence here is lawful, unlawful, temporary, or permanent."  *See Zadvydas v. Davis*, 533 U.S. 678, 693 (2001).  The question is what process is due to a noncitizen subject to § 1231 removal.

## III

There is no dispute that Petitioner is subject to a valid order reinstating her prior final order of removal.  Nonetheless, Petitioner seeks relief on two bases.

## A

First, Petitioner argues that her re-detention to effectuate removal was an arbitrary deprivation of liberty in light of her previous release and work authorizations.  (ECF 1 at 7.)  The argument seems to be that even though Respondents have the statutory authority to remove Petitioner, the fact that they failed to do so before recently granting her a work authorization means that the Constitution bars them from detaining her to effect the valid reinstated removal order.

Factually, the argument ignores that Petitioner had sought and was granted stays until at least 2022, and that the work authorization predated the current reinstatement of removal order.  Legally, Petitioner offers no case holding that due process protections are violated in this posture nor any analogous posture.  Petitioner cites only the Supreme Court's *Zadvydas* decision—discussed further below—and only for the general proposition that "[f]reedom from imprisonment lies at the heart of the liberty protected by the Due Process Clause."  (*Id.* at 7 (citing *Zadvydas*, 533 U.S. at 690).)  Petitioner provides no authority for extending the reasoning of *Zadvydas* to her circumstances and the Court declines to do so.

## B

Second, Petitioner argues that there is no significant likelihood of removal because of her history of compliance under release orders, stay approvals, and work authorization.  The logic here is difficult to follow but the argument seems to be that Respondents would not have granted stays, release, or work authorization if they could have removed her and thus there is no likelihood of removal.  A look at the removal statute and the Supreme Court's interpretation of it is helpful in understanding why this argument fails.

Section 241 of the Immigration and Nationality Act (INA), which is codified at 8 U.S.C. § 1231, sets forth the government's authority to detain noncitizens with a final order of removal. Under that section as currently written, "when [a noncitizen] is ordered removed, the Attorney General shall remove the [noncitizen] from the United States within a period of 90 days[.]" 8 U.S.C. § 1231(a)(1)(A). During this 90-day removal period, the Attorney General is required to detain the noncitizen for the purpose of effectuating the noncitizen's removal. *See* § 1231(a)(2)(A). When removal is not completed within that time, certain categories of removable noncitizens "may be detained beyond the removal period[.]" § 1231(a)(6).

The statute also provides that a prior order of removal can be reinstated if a noncitizen reenters the United States illegally after having been removed under an order of removal. § 1231(a)(5). "[T]he prior order of removal is reinstated from its original date and is not subject to being reopened or reviewed, the [noncitizen] is not eligible and may not apply for any relief under this chapter, and the [noncitizen] shall be removed under the prior order at any time after the reentry." *Id.*; *see also Morales-Izquierdo v. Gonzales*, 486 F.3d 484, 487–88 (9th Cir. 2007) ("When [a noncitizen] subject to removal leaves the country, the removal order is deemed to be executed. If the [noncitizen] reenters the country illegally, the order may not be executed against him again unless it has been 'reinstated' by an authorized official.").

At the hearing on the motion, Petitioner made clear that she was relying on the Supreme Court's *Zadvydas* decision for this argument. In *Zadvydas*, the Supreme Court held that "once removal is no longer reasonably foreseeable, continued detention is no longer authorized by

6

statute." 533 U.S. at 699. Interpreting § 1231 in this manner avoided a due process issue that would be caused by indefinite detention. *Id.* at 689–90. Still, "for the sake of uniform administration in the federal courts," the high court recognized a six-month period of presumptive reasonableness to effect a final removal order. *Id.* at 701. "After this 6-month period, once the [noncitizen] provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.*

Here, Petitioner has been detained for approximately three weeks. (ECF 1 at 1.) Respondents have provided notice that she is scheduled to be removed within days. (ECF 10 at 3; ECF 12 at 2.) Thus, Petitioner has not yet been detained longer than the six-month period of presumptively reasonable detention, and, regardless, would not be able to show there is no significant likelihood of removal in the reasonably foreseeable future because it appears that her removal is now imminent.

## ORDER

For the reasons set forth above, **IT IS ORDERED** that Judgment shall be entered denying the petition (ECF 1) without prejudice to re-filing should her detention appear to be indefinite.

DATED: June 5, 2026

_____
HONORABLE STEPHANIE S. CHRISTENSEN
UNITED STATES MAGISTRATE JUDGE

7